

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00151-CR

ROBERT LARRY SHELTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1366763D, Honorable Ruben Gonzalez, Jr., Presiding

January 23, 2017

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Robert Larry Shelton entered an open plea of guilty to the charge of driving while intoxicated, third or more. Some five months later the court convened a punishment hearing. The State offered a presentence investigation report and rested. Appellant testified and presented one other witness. After argument the court sentenced appellant to ten years' confinement in prison. The court certified appellant's right of appeal, and this appeal followed.

Appellant's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders*[1] brief. In his motion to withdraw, counsel stated his conclusion that after evaluating the entire record "there are no arguable grounds to be advanced to support an appeal of this cause and the appeal is frivolous . . . ." The brief cited applicable case law, discussed the case background and appellant's sentencing hearing, and analyzed four possible issues. Counsel found no arguable error.

Counsel notified appellant by letter of his motion to withdraw, provided him a copy of the motion and *Anders* brief, informed him of his right to file a pro se response, informed him of his right to seek discretionary review before the Texas Court of Criminal Appeals should this Court find the appeal frivolous, provided appellant a form motion for pro se access to the appellate record along with a postage-paid envelope, and provided appellant a copy of the reporter's record from the sentencing hearing and the clerk's record. *See Kelly v. State,* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on filing a motion to withdraw supported by an *Anders* brief). By letter, this Court also informed appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant did not, however, file the motion for pro se access to the appellate record nor did he file a pro se response.

Pursuant to our obligations when appointed counsel files an *Anders* brief, we have reviewed the appellate record. *See In re Schulman,* 252 S.W.3d 403, 407 (Tex. Crim. App. 2008); *Stafford v. State,* 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After doing so, we are not satisfied

---

[1] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

that the appeal is wholly frivolous. *See High*, 573 S.W.2d at 811 ("in the last analysis, it is up to the court, not counsel, 'after a full examination of all proceedings, to decide whether the case is wholly frivolous'") (quoting *Anders*, 386 U.S. at 744); *see also Penson v. Ohio,* 488 U.S. 75, 82, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) (*Anders* brief serves valuable purpose of assisting court in determining both that counsel has conducted the required detailed review of case and that "appeal is indeed so frivolous that it may be decided without an adversary presentation"). The record reveals a matter, not mentioned by the *Anders* brief, on which we require further briefing.

In the appellate record filed with this Court, the admonishments that preceded appellant's plea of guilty to the felony offense appear only in writing.[2] No reporter's record of the plea hearing was filed. The written waiver of rights that appellant and his attorney also signed before his guilty plea, contains, among other printed waivers, a paragraph (P), which reads, "(P) I give up and waive the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure." That particular waiver is lined out. Despite appellant's apparent desire for a reporter's record, no reporter's record of his guilty plea hearing appears in the appellate record, and we are advised none was made.

We grant counsel's motion to withdraw. *See Stafford v. State,* 813 S.W.2d at 511. We further abate the appeal and remand the cause to the 432nd District Court of Tarrant County. On remand, the trial court shall appoint new counsel to represent appellant in this appeal. The trial court shall cause the name, email and postal addresses, telephone number, and state bar number of the newly-appointed counsel to

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (West Supp. 2016) (court "may make the admonitions required by this article either orally or in writing").

be included in a supplemental record. The record of that appointment shall be filed with the clerk of this Court on or before February 22, 2017.

Additionally, the trial court shall order the newly-appointed counsel: (1) to determine with certainty that the appellate record is complete with respect to the plea hearing conducted August 10, 2015 at which appellant pled guilty; in particular, to determine whether appellant's plea hearing was recorded by a court reporter and if so whether the reporter's record of that hearing was preserved; (2) if the appellate record is not complete, to take appropriate actions under the Texas Rules of Appellate Procedure to make the record complete; and (3) to file an appellant's brief, according to the Texas Rules of Appellate Procedure, addressing any arguably meritorious ground for appeal flowing from appellant's deletion of waiver paragraph (P) regarding the attendance and record of a court reporter, and addressing any other arguably meritorious ground counsel sees for reversal or modification of the trial court's judgment. Absent a request for extension from newly-appointed counsel, the appellate brief shall be filed no later than thirty days from the date of counsel's appointment. A response brief may be filed by the State within thirty days after the filing of the appellant's brief.

It is so ordered.

Per Curiam

Do not publish.